**The Law Office of**
**JOHN F. OLSEN, LLC**

January 8, 2026

**BY ECF**
Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Rm. 2202
New York, New York 10007

**Re:    *Kamat v. League Network, PBC, et al.*, Case No. 1:25-cv-3307**

Dear Judge Furman:

This firm is co-counsel to plaintiff Yash Kamat in this litigation, and I write, under Local Rule 37.2 and Rule 3.D of your Individual Rules, to ask the Court's help in resolving a discovery dispute.  Plaintiff's counsel emailed defense counsel, Michael Piston, on December 22 and December 30, 2025, to request a telephone conference to discuss discovery deficiencies.  The deficiencies plaintiff sought to discuss were described in a December 22 letter to Mr. Piston.  Mr. Piston did not respond to the December 22, email, but did respond to December 30 email.  In his response, Mr. Piston stated that he could not provide a substantive response because defendants are considering a change of counsel:

> Hello John:
>
> I would have responded sooner but there may be a counsel change in the near future. I'm trying to pin defendants down on that.
>
> By next week you should get a response from either me or new counsel regarding both your questions.

12.30.25 M. Piston email.  Mr. Piston has provided no further response and has not agreed to conduct a telephone conference.

In my December 22, 2025 letter to Mr. Piston, I asked defendants to produce the following seven categories of documents that were requested in plaintiff's document requests but not produced by defendants.

1.  All documents concerning any investors in League Network or Alliance Reentry Centers investors that received EB-5 visas.  The documents defendants produced indicate that at least one investor was successful.  No responsive documents were produced.

2.  All documents concerning defendants' communications with USCIS concerning defendants' EB-5 investors.  Defendants produced a minimal number of responsive documents

105 Grove Street, #6, Montclair, NJ 07042 • p. (973) 932-0474 • f. (973) 453-8264
www.jfolsenlaw.com

Hon. Jesse M. Furman, U.S.D.J.
January 8, 2026
Page 2 of 3

concerning plaintiff's efforts to obtain an EB-5 visa, and no documents concerning its other EB-5 investors.

3. All documents concerning the sale or acquisition of League Network by Alliance Reentry Centers, including communications, financial information, source of funds, contracts and drafts of contracts. No documents were produced.

4. All documents concerning the impact that the sale or acquisition of League Network by Alliance Reentry Centers would have on League Network's operations. No documents were produced.

5. Organization charts and capital tables for League Network and Alliance Reentry Centers. No responsive documents were produced.

6. League Network's business plans from 2021 to the present. Although one plan was produced, the production is incomplete.

7. League Network's financial statements, general ledgers and tax returns from 2021 to the present. Although some financial information was produced, the production is incomplete.

The documents described in paragraphs 1 through 7 above are relevant to several key issues.

a. Was the EB-5 investment program offered by defendants compliant with the applicable regulations?

b. If the program was not compliant, when did the defendants learn that the program was not compliant?

c. Did the sale/merger of defendant League Network, based in Newark, NJ, to defendant Alliance Reentry Centers, based in Alabama, impact League Network's EB-5 investment program?

d. When did League Network and Alliance Reentry Centers begin discussing a sale/merger?

e. Were the defendants' business plans compliant with the applicable EB-5 regulations?

f. The business plan initially submitted to USCIS described operations and job creation in Newark, NJ, not Alabama. Were other plans ever submitted?

g. Who did the defendant companies identify as EB-5 investors?

Hon. Jesse M. Furman, U.S.D.J.
January 8, 2026
Page 3 of 3

The plaintiff respectfully requests the court issue an order requiring defendants to provide a full and complete production of the documents described above.

Respectfully submitted,

/s/ John F. Olsen

John F. Olsen

cc: Michael Piston, Esq. (via ECF)

Application GRANTED.  Contrary to Defendants' assertions, Items 1 through 4 do not "on their face appear to request" disclosure of privileged communications, ECF No. 51, and, in any event, the proper procedure if Defendants believe that any responsive materials are privileged is to list them on a privilege log, not to ignore the discovery request altogether.  Item 5, meanwhile, is plainly relevant within the broad meaning of that term under the Federal Rules of Civil Procedure.  Accordingly, Plaintiff's application is GRANTED, and Defendants are ORDERED to comply with the discovery requests set forth above within the next two weeks.

Finally, for reasons the Court will explain in an opinion to follow, Defendant Jay Whitehead's motion to dismiss for lack of personal jurisdiction is denied.  Accordingly, the stay of discovery as to him is hereby lifted.  The parties should confer with respect to whether or to what extent that warrants modification of the existing discovery schedule and, if appropriate, file a letter-motion seeking such modification.

The Clerk of Court is directed to terminate ECF No. 49.

SO ORDERED.

January 14, 2026