# Gregory Zimmer, Esq.

GZimmer@GZimmerLegal.com
O:  (914) 402-5683
M:  (516) 991-1116

February 13, 2026

**VIA ECF**

Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Courtroom 24B
New York, New York  10007-1312

Re:  *Kamat v. League Network, PBC, Case No. 1:25-cv-03307–JMF*

Dear Judge Furman:

I represent Defendants League Network, PBC ("League Network"), Alliance Reentry Centers, PBC ("Alliance Reentry") and Jay Whitehead ("Whitehead" and, together with League Network and Alliance Reentry, "Defendants") in the in the above-referenced matter.  I write in response to the Court's memo endorsement dated February 11, 2026 to our letter motion dated February 3, 2026 seeking leave to file a motion for summary judgment with respect to the remaining claims (the "Remaining Claims") of Plaintiff Yash Kamat ("Kamat") and a motion to stay discovery while our summary judgment motion is pending.

I write to inform the Court that Defendants will file a motion for summary judgment (the "Motion") on or before February 20, 2026.  Pursuant to the Court's Individual Practices in Civil Actions (the "Individual Practices), the parties are in the process of conferring with respect to whether Kamat will file a cross-motion for summary judgment and the other matters set forth in Rule 4(F)(v) of the Individual Practices and will make a submission to the Court addressing the matters set forth therein by February 20, 2026.[1]

I also write to seek a stay of discovery in this action pending determination of the Motion.  The reason for the requested stay is that if the Motion is granted the case will be fully resolved and there will be no need for additional discovery.  Kamat opposes this request.

Defendants intend to file a brief, single-issue Motion seeking to dismiss Kamat's Remaining Claims pursuant to New York General Obligations Law 15-501 ("NY GOL 15-501") in light of Kamat's election so seek judgment on his Second Claim for Relief for breach of the settlement agreement between Kamat on the one hand and League Network and Alliance

---

[1]     Although my initial letter offered to make our motion within seven (7) days of the Court's granting leave to do so, discussions among counsel regarding a potential cross-motion, briefing schedule and the other issues set forth in Rule 4(F)(v) remain ongoing, in part due to the fact that one of Kamat's counsel is traveling.  However, Defendants will file their opening briefing on or before February 20, 2026 to minimize the impact of the stay of discovery requested herein.

142 New Chalet Drive                                          Mohegan Lake, New York 10547

Honorable Jesse M. Furman, U.S.D.J.
February 3, 2026
Page 2

Reentry on the other hand (the "Settlement Agreement") and the Court's awarding Kamat judgment on that claim. *See* Dkt. Nos. 31 and 56. The basis for Defendants' motion was set forth in my letter dated February 3, 2026 [Dkt. No. 58] and is very straightforward.

New York General Obligations Law 15-501 provides that:

If an executory accord is not performed according to its terms by one party, the other party shall be entitled ***either*** to assert his rights under the claim, cause of action, contract, obligation, lease, mortgage or other security interest which is the subject of the accord, ***or*** to assert his right under the accord.

NY GOL 15-501(3) (emphasis added). Defendants believe that the Settlement Agreement falls within the definition of an executory accord set forth in NY GOL 15-501: "an agreement embodying a promise express or implied to accept at some future time a stipulated performance in satisfaction or discharge in whole or in part of any present claim, cause of action." NY GOL 15-501(1).

Kamat's Second Claim for Relief for breach of contract sought to enforce the terms of the Settlement Agreement. *See* Complaint [Dkt. No. 1] ¶¶ 23-24, 41-46. The Settlement Agreement is annexed to the Complaint as Exhibit A and expressly states that the purpose of the Settlement Agreement was to compromise and settle, among other things:

[a]ny and all manner of actions, causes of action, suits, contracts, claims, damages, costs and expenses of any nature or kind whatsoever, whether in law or in equity, that the Kamat Releasing Parties had, have or may have, except for obligations arising under this Agreement [*i.e.*, the Settlement Agreement][2]

Settlement Agreement, Complaint [Dkt. No. 1], Exhibit A, at p. 2. Kamat has sought and been granted judgment for breach of the Settlement Agreement through a motion for judgment on the pleadings. *See* Dkt. Nos. 31, 56.

Although Defendants recognize that the Court will not pre-judge the merits of any motion prior to full briefing and argument (if required by the Court), Defendants present the above to demonstrate that their summary judgment has merit, regardless of the Court's ultimate determination of the motion.

For the same reason, Defendants respectfully submit that the arguments set forth by Kamat in opposition to my February 3, 2026 letter [Dkt. No. 60] (the "Response Letter") are not sufficient to overcome Defendants' motion. In that regard, Kamat argued that Whitehead cannot invoke the release contained in the Settlement Agreement or the provisions of NY GOL 15-501. However, both of these arguments miss the point of Defendants' argument. NY GOL 15-501 requires that a non-breaching party to an executory settlement agreement must elect to "either" assert his rights existing prior to the settlement agreement "or" enforce the terms of the Settlement Agreement. Case law makes clear that this election must be made prior to the time the non-breaching party seeks a judgment on the merits of one or the other categories of claims.

---

[2]     The claims addressed in the Settlement Agreement, which encompassed "any claim, action or proceeding of any type asserted against LA, Alliance and their owners, members, partners, managers, officers, directors, investors, lenders, attorneys, employees and agents, including specifically, but not limited to Jay Whitehead . . .." clearly encompassed all of the Remaining Claims.

Honorable Jesse M. Furman, U.S.D.J.
February 3, 2026
Page 3

Thus, *Kamat's* election to seek judgment on his Second Claim for Relief for breach of the Settlement agreement triggered the election of remedies provision of NY GOL 15-501 and precludes him from pursuing the Remaining Claims, including those against Whitehead, by operation of law.  No action of Whitehead (or any Defendant) was or is required or permitted by NY GOL 15-501.

While Kamat's Response Letter is not totally clear on this point, to the extent that he argues that after making a motion for Judgment on the Pleadings and being awarded that judgment by the Court he can somehow ignore that judicial fact because the Court has not yet entered final judgment on that Claim for Relief, Defendants do not believe that argument has merit.  Case law is clear that it is the election to *seek* a judgment on the merits with regard to either a claim for breach of an executory settlement agreement or the underlying claims triggers NY GOL 15-501's election of remedies.  *See*, *e.g.*, *Petrello*, 2007 U.S. Dist. LEXIS 57489 at * 16-17, 2007 WL 2276300 (E.D.N.Y. 2007) (collecting cases).  The suggestion that he could waste the Court's resources and impose the cost and burden of opposing the motion for Judgment on the Pleadings on Defendants only to ask for a "do over" when NY GOL 15-501 is invoked defies logic, equity and extensive judicial interpretation of NY GOL 15-501.

At this time, the fact discovery cut-off set by the Court is April 29, 2026.  *See* Dkt. No. 55.  Defendants will file their Motion on February 20, 2026, 9 days after the Court authorized its filing.  I have already committed to Kamat's counsel that unless they file a cross-motion Defendants will require only seven (7) days to file their reply briefing.  Thus, Defendants are doing everything in their power to minimize the impact and length of a stay during the pendency of the Motion.

While written discovery has occurred and Defendants' have produced documents to Kamat, Kamat's counsel has requested a meet and confer regarding document discovery. Moreover, depositions are being scheduled for early March.  Mr. Whitehead has already agreed to sit for a deposition on March 10, and the other deponent Kamat seeks to depose is in the process of obtaining available dates in that time-range.  Thus, if an immediate stay is not imposed by the Court, the parties will be required to incur significant additional costs in the immediate term which will serve no purpose if Defendants' Motion is granted.

On the other hand, if a stay is granted, then even if Defendants' motion is denied, there will be no prejudice to any party.  Defendants will have been responsible for only sixteen (16) days of delay in discovery.  Any remaining time will be attributable to Kamat's time to oppose the motion and, of course, the Court's consideration and ruling on the motion.  Defendants are hopeful that because of the straightforward nature of the motion, the burden on the Court in this regard will not be great.  In any event, the parties can promptly resume and complete discovery if the motion is denied, and based on the current scheduling order fac discovery can be completed within approximately forth five (45) days after the stay is lifted.

For the foregoing reasons, Defendants respectfully request that the Court (i) impose a brief, immediate stay of discovery pending determination of this letter motion and, (ii) after considering any opposition to this letter motion, impose a stay of discovery pending determination of Defendants' Motion and any cross-motions for summary judgment filed by Kamat.

Honorable Jesse M. Furman, U.S.D.J.
February 3, 2026
Page 4

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Gregory Zimmer, Esq.

Gregory Zimmer, Esq.
(914) 402-5683
GZimmer@GZimmerLegal.com

cc:  All counsel of record (via ECF)

The Court may revisit the issue when the summary judgment motion is fully briefed.  But unless and until the Court orders otherwise, the request for a stay of discovery is denied, and discovery will proceed.  The Clerk of Court is directed to terminate ECF No. 62.

SO ORDERED.

February 24, 2026