

**Gigio K. Ninan, Esq.**
◎ 505 8th Avenue, Suite 1801
New York, NY 10018
℘ (212) 594-6657 Ext 215
✉ gio@shankarninan.com
⊕ www.shankarninan.com

April 10, 2026

BY ECF
Hon. Jesse M. Furman, U.S.D.J.
United States District Court Southern District of New York
40 Centre Street, Rm. 2202
New York, New York 10007

> *Re*:    *Kamat v. League Network, PBC, et al.*, Case No. 1:25-cv-03307-JMF
> **Letter Motion for Meet and Confer Order or to Compel and for Sanctions**

Dear Judge Furman:

We represent Plaintiff Yash Kamat. We write pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rules to urgently request the Court's intervention regarding Defendants' continued evasion of discovery and their counsel's refusal to participate in a meaningful meet-and-confer.

Despite this Court's March 9, 2026 Order (ECF No. 75) directing Defendants to "cure any and all discovery deficiencies" under "pain of further sanctions", Defendants' production remains severely deficient. For the past two weeks, defense counsel Gregory Zimmer has engaged in a pattern of unresponsiveness, deflection, and last-minute cancellations to avoid meeting and conferring on these deficiencies. With the April 29, 2026 discovery deadline rapidly approaching—which Plaintiff strongly opposes extending—we request that the Court order an in-person, on-the-record meet-and-confer with Defendant Jay Whitehead present, at Defendants' expense. In the alternative, we request an order compelling the outstanding discovery and awarding sanctions.

## I.    Defendants' Discovery Deficiencies and Refusal to Resolve the Dispute

On March 25, 2026, Plaintiff deposed Defendant Jay Whitehead. During the deposition, Mr. Whitehead made several astonishing admissions under oath regarding his failure to comply with this Court's prior discovery orders. Specifically, he admitted that he failed to search the emails and devices of key custodians (including Jerry Washburn, Steve Green, and his wife, Anne-Sophie Whitehead), that he withheld hard-copy investor files, and that he failed to produce QuickBooks General Ledgers. He further testified that his entire document collection process consisted of running an Artificial Intelligence (ChatGPT) search strictly on his own personal Gmail and Dropbox accounts.

1

That same evening, Plaintiff emailed Mr. Zimmer detailing these severe deficiencies and requesting a meet-and-confer to resolve them. Rather than engage substantively, Mr. Zimmer embarked on a two-week campaign of deflection:

- **Deflection via Transcript Demand:** On March 27, Mr. Zimmer replied with excuses for not searching the other custodians and demanded to see the deposition transcript before discussing the matter further, stating, "Will you be providing us with a copy of the transcript...?". On March 31, he reiterated this, stating "several of your points are based on the deposition transcript, which I have not yet received," even though both Mr. Zimmer and I were physically present at the deposition and have personal knowledge of exactly what his client testified to under oath.
- **Refusal of an Amicable Resolution:** In an effort to resolve the dispute without burdening the Court, Plaintiff offered a compromise on March 30: if Mr. Whitehead simply signed a sworn affidavit affirming that no further documents existed or were searched based on Mr. Zimmer's representations, Plaintiff would accept it in lieu of a motion to compel. On April 6, Mr. Zimmer flatly rejected this offer, stating: "Your offer to prepare a self-serving affidavit for Mr. Whitehead to execute is respectfully declined".
- **The "Busy" Excuse and Last-Minute Cancellation:** On April 8, upon receiving the finalized transcript, Mr. Zimmer claimed he was too busy with an unrelated case to speak, stating: "I have a federal court filing in an unrelated case today that is taking much longer than I expected... let's set a time mid-day Friday [April 10]". Plaintiff immediately agreed to his proposed time and circulated a calendar invite for Friday at 12:00 p.m. ET. Yet, today, at 11:11 a.m.—a mere 49 minutes before the scheduled call—Mr. Zimmer emailed to cancel, claiming he still needed "to review the materials... and then speak with my client" and attempted to push the meeting to "next Tuesday".

## II.    <u>Relief Requested</u>

This discovery was already subject to a sanctions order by this Court (ECF No. 75), which mandated compliance. Defendants are clearly attempting to run out the clock on the April 29, 2026 discovery deadline.

Accordingly, Plaintiff respectfully requests that the Court enter an Order granting the following relief:

**A.    Order an In-Person Meet and Confer:** Directing defense counsel Gregory Zimmer and Defendant Jay Whitehead to appear in person for a mandatory meet-and-confer on **Tuesday, April 14, 2026, at 11:00 a.m. ET** for one (1) hour. Mr. Whitehead's personal attendance is necessary because the discovery deficiencies stem directly from his own document collection decisions, as confirmed by his sworn deposition testimony, and because defense counsel has demonstrated an inability to address these deficiencies without his client's direction. The meeting shall take place at Shankar Ninan & Co. LLP, 505 8th Avenue, Suite 1801, New York, New York 10018. Because Defendants' conduct has necessitated this intervention, we request that Defendants be ordered to bear the costs of a court reporter to transcribe the meet-and-confer, as well as Plaintiff's reasonable attorneys' fees incurred in connection with Defendants' discovery

deficiencies and evasion, including preparing this letter, conducting meet-and-confer efforts, and attending the conference.

**B.** **Alternative Relief – Compel Discovery and Award Sanctions:** In the alternative, should the Court decline to order the in-person conference, Plaintiff requests an Order compelling Defendants to immediately produce the outstanding discovery identified in the attached Deficiency Memorandum (including the emails of Jerry Washburn, Steve Green, and Anne-Sophie Whitehead, and the QuickBooks financial ledgers), and In the alternative, should the Court decline to order the in-person conference, Plaintiff requests an Order compelling Defendants to immediately produce the outstanding discovery identified in the attached Deficiency Memorandum (including the emails of Jerry Washburn, Steve Green, and Anne-Sophie Whitehead, and the QuickBooks financial ledgers), and awarding monetary sanctions pursuant to Fed. R. Civ. P. 37(b)(2) for Defendants' continued violation of ECF No. 75.

We thank the Court for its time and consideration.

Respectfully Submitted,

/s/ *Gigio Ninan*

**GIGIO K. NINAN, ESQ.**
*Counsel for Plaintiff Yash Kamat*

**EXHIBIT LIST**

- **Exhibit A:** March 25–31, 2026 Email Chain (Plaintiff's initial deficiency notice and Defendants' deflection demanding the deposition transcript).
- **Exhibit B:** March 30–April 6, 2026 Email Chain and Draft Affidavit (Plaintiff's offer of an affidavit in lieu of motion practice and Defendants' refusal).
- **Exhibit C:** April 8–10, 2026 Email Chain (Defendants' request to schedule the call for Friday, followed by the cancellation 49 minutes prior).
- **Exhibit D:** Discovery Deficiency Memorandum detailing the specific missing documents and unsearched custodians.

Defendants shall file any response to Plaintiff's letter **no later than April 13, 2026 at 4:00 p.m.**

SO ORDERED.

April 10, 2026