

Gigio K. Ninan, Esq.
⊚ 505 8th Avenue, Suite 1801
New York, NY 10018
(℘) (212) 594-6657 Ext 215
✉ gio@shankarninan.com
⊕ www.shankarninan.com

June 23, 2026

**BY ECF**
Hon. Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **Kamat v. League Network, PBC et al., No. 1:25-cv-03307-JMF**

Dear Judge Furman:

I represent Plaintiff Yash Kamat and write to oppose Defendants' June 18, 2026 letter-motion (ECF No. 93) seeking leave to file a second summary judgment motion. The Court should deny this request because it directly violates a prior order and runs contrary to precedent disfavoring successive dispositive motions.

## I.   The Court's Prior Orders Expressly Prohibit a Second Summary Judgment Motion

In its February 11, 2026 Order (ECF No. 61), the Court granted Defendants leave to file a summary judgment motion before discovery closed but ruled that they "will not be permitted to file another summary judgment motion later." The Court reaffirmed that limitation after discovery closed in its May 14, 2026 Order (ECF No. 90), which set the current briefing schedule and stated: "Unless and until the Court orders otherwise, Defendants may not file a second summary judgment motion. *See* ECF No. 61." Defendants now ask the Court to permit precisely what both orders prohibit.

Defendants made the strategic decision to file for summary judgment before discovery concluded, and they now seek a second motion based on deposition testimony developed afterward. But, in its February 11, 2026 Order, the Court explicitly warned Defendants that they should wait to file because they "will not be permitted to file another summary judgment motion later." Defendants went ahead despite this clear directive and now offer no reason why they did not heed the Court's order and defer their motion until the close of discovery.

1

The Court should require Defendants to live with the tactical decisions they made. An early, voluntary election to move before discovery closed is not good cause for a second motion that the Court already said it would not permit. To rule otherwise would prejudice the Plaintiff and require him to expend time and money opposing a second motion simply because Defendants are not satisfied with the results of their tactical decision to file early.

## II.    A Second Motion is Inefficient, Prejudicial, and Procedurally Improper

Federal Rule of Civil Procedure 1 directs that the Federal Rules be administered to secure the "just, speedy, and inexpensive determination" of every action. A second defense summary judgment motion would do the opposite: it would multiply briefing, create duplication, and impose unnecessary expense and delay where the Court already set an orderly schedule for resolving the parties' motions.

Although the Court need not reach the merits to deny leave, Defendants' characterization of the record is inaccurate, including their description of the timing and disclosure of the League Network/Alliance Reentry Centers transaction, the materiality of the outdated TEA Letter, and the significance of League Network's 2020 operational disruption to the representations made to Plaintiff in 2021. Plaintiff has addressed these issues in detail in his pending motion (ECF No. 92).

Successive summary judgment motions are procedurally improper when the moving party relies on arguments that could have been raised in the first motion. *See Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012); *Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc.*, 221 F.R.D. 409, 409 (S.D.N.Y. 2004). Courts strongly disapprove of the "piecemeal consideration of successive motions for summary judgment," requiring parties to "present their strongest case for summary judgment when the matter is first raised." *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (quoting *Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961)). That is precisely what Defendants failed to do-they chose to file early despite the Court's express warning, and should not now be rewarded with a second opportunity.

### Conclusion

What Defendants seek is a second bite at the apple. Defendants offer no meaningful good cause for departing from the Court's prior orders. Any issues that arose after their first motion can be thoroughly addressed in their opposition to Plaintiff's pending motion, and Defendants identify no genuinely new issue that requires a second summary judgment motion.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request and require Defendants to proceed under the schedule already set in

2

its May 14, 2026 Order, namely by filing their opposition to Plaintiff's summary judgment motion on or before July 6, 2026.

In the alternative, should the Court be inclined to grant leave, Plaintiff respectfully requests an opportunity to be heard on an appropriate briefing schedule, including adequate time to respond given the breadth of the issues Defendants propose to raise.

Respectfully Submitted,

SHANKAR NINAN & CO. LLP

/s/ Gigio K. Ninan

Gigio K. Ninan, Esq.
*Counsel for Plaintiff Yash Kamat*

cc: Gregory Zimmer, Esq., Counsel for Defendants (by ECF)

The Court agrees.  The February 11, 2026 Order could not have been clearer: Defendants were granted leave to file an early summary judgment motion but were explicitly warned that, if they did, they would "not be permitted to file another summary judgment motion later."  ECF No. 61.  Defendants have to live with the consequences of the choice they made.  Accordingly, their motion for leave to file a second summary judgment motion is DENIED.  All dates and deadlines remain in effect.

The Clerk of Court is directed to terminate ECF Nos. 92 (which was erroneously filed as a motion even though it is a memorandum and exhibits) and 93.

SO ORDERED

June 25, 2026

3